James N. Leik
JLeik@perkinscoie.com
**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108
**Attorneys for Defendant
Trimble Navigation Limited**

Jennifer Coughlin
jennnifer.coughlin@klgates.com
**K&L GATES LLP**
420 L Street, Suite 400
Anchorage, Alaska 99501-1971
Telephone: (907) 276-1969
Telecopy: (907) 865-2443
**Attorneys for Defendants Cabela's
Incorporated and AT&T Mobility, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RECREATIONAL DATA SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRIMBLE NAVIGATION LIMITED, CABELA'S INCORPORATED, AT& T MOBILITY, LLC and ALASCOM, INC.,<br><br>Defendants. | Case No. _____ |

**DEFENDANTS TRIMBLE NAVIGATION LIMITED, CABELA'S INCORPORATED, AND AT&T MOBILITY, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendants Trimble Navigation Limited, Cabela's Incorporated, and AT&T Mobility, LLC hereby remove Case No. 3AN-11-10519 CI, *Recreational Data Services, LLC v. Trimble Navigation Limited, Cabela's*

*Recreational Data Services v. Trimble Navigation Limited, et al.*
Case No. _____
Page 1 of 9

09015-0034/LEGAL21822714.1

Case 3:11-cv-00195-TMB   Document 1   Filed 10/03/11   Page 1 of 9

*Incorporated, AT&T Mobility, LLC, and Alascom, Inc.* (the "State Court Action") from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska.

### A. Nature of the Case

1. Plaintiff Recreational Data Services, LLC ("RDS" or "Plaintiff") filed this lawsuit against Defendants Trimble Navigation Limited ("Trimble"), Cabela's Incorporated ("Cabela's"), AT&T Mobility, LLC ("AT&T"), and Alascom, Inc. ("Alascom") (collectively, "Defendants") on September 2, 2011. As to Trimble, the lawsuit alleges breach of contract, breach of fiduciary duty, promissory estoppel, interference with contract, fraud, and negligent misrepresentation. As to Cabela's, AT&T, and Alascom, the lawsuit alleges breach of contract and promissory estoppel. The lawsuit seeks recovery of compensatory damages and punitive damages, and specific enforcement, preliminary injunctive relief, and permanent injunctive relief relating to certain agreements.

### B. This Court Has Jurisdiction Based on Complete Diversity of Citizenship.

2. This Court has subject matter jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs and this action is between citizens of different states. 28 U.S.C. § 1332(a)(1).[1]

3. In the Complaint filed in the State Court Action (the "State Court Complaint"), Plaintiff alleges that it has suffered "economic losses" and/or has been

---

[1] If a federal district court could have original jurisdiction over an action, it may be removed. *See* 28 U.S.C. § 1441(a).
**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Recreational Data Services v. Trimble Navigation Limited, et al.*
Case No. _____
Page 2 of 9

"economically damaged" in the amount of at least $111,666,973.[2] Thus, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Plaintiff is an Alaska corporation with its principal place of business in Alaska,[3] and is therefore a citizen of Alaska.

5. Trimble is a California corporation with its principal place of business in California.

6. Cabela's is a Delaware corporation with its principal place of business in Nebraska.

7. AT&T is a Delaware limited liability company with its principal place of business in Georgia. None of AT&T's members is a citizen of Alaska.

8. Alascom is an Alaska corporation with its principal place of business in Alaska. As discussed further below, Alascom has been improperly joined as a Defendant in this case for purposes of destroying complete diversity of citizenship among the parties. Accordingly, Alascom's citizenship should be disregarded in determining this Court's jurisdiction over this case.

### C. Alascom Was Fraudulently/Improperly Joined as a Defendant, and Its Citizenship Should Be Ignored in Evaluating Removal.

9. Plaintiff fraudulently joined Alascom as a Defendant in this action, and the Court should disregard Alascom's Alaska citizenship in determining whether diversity jurisdiction exists. "If a plaintiff fails to state a cause of action against a

---

[2] *See* State Court Complaint at ¶¶ 36, 48, 55, 60, and 66.

[3] Although the caption in the State Court Complaint refers to Plaintiff as "an Alaska Limited Liability Company," paragraph 1 of the State Court Complaint alleges that Plaintiff is "an Alaska corporation doing business in Alaska." Plaintiff's status as an Alaska corporation is confirmed by the records of the Alaska Division of Corporations.

*Recreational Data Services v. Trimble Navigation Limited, et al.*
Case No. _____
Page 3 of 9

09015-0034/LEGAL21822714.1

Case 3:11-cv-00195-TMB   Document 1   Filed 10/03/11   Page 3 of 9

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Recreational Data Services v. Trimble Navigation Limited, et al.*
Case No. _____
Page 3 of 9                                                            09015-0034/LEGAL21822714.1

Case 3:11-cv-00195-TMB   Document 1   Filed 10/03/11   Page 3 of 9

resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Computer Systems, Inc. v. AT&T Corporation*, 298 F.3d 756, 761 (9th Cir. 2002), *citing Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Plaintiff has asserted only two causes of action against Alascom: breach of contract and promissory estoppel. Plaintiff has not alleged facts sufficient to support either of these claims against Alascom, and cannot do so. No contract has ever existed between Plaintiff and Alascom, and Alascom made no promise to Plaintiff.

**Plaintiff Has Failed to State a Breach of Contract Claim Against Alascom.**

10. Under Alaska law, a breach of contract claim requires proof of a contractual obligation, breach by the defendant, and damages as a result of the breach. *See Great Western Savings Bank v. George W. Easley Co.*, 778 P.2d 569, 577 (Alaska 1989). A plaintiff must prove four elements to establish the existence of a contract: (1) an offer that encompasses the agreement's essential terms; (2) unequivocal acceptance; (3) consideration; and (4) mutual intent to be bound. *Midgett v. Cook Inlet Pre-Trial Facility*, 53 P.3d 1105, 1114 (Alaska 2002).

11. The Affidavit of Shawn Uschmann (the "Uschmann Affidavit")[4] states unequivocally that Alascom never had any contract or agreement with Plaintiff.[5] Although the State Court Complaint has a confused allegation about an alleged

---

[4] The Uschmann Affidavit is attached hereto as **Exhibit A.**

[5] Uschmann Affidavit at ¶ 3.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

agreement between Plaintiff and AT&T and/or Alascom,[6] Plaintiff does not specifically allege a contract with Alascom, does not describe the terms of any alleged agreement between it and Alascom, how or when such an agreement arose between those parties, or how Alascom allegedly breached those terms. Plaintiff attached copies of the Trimble Agreement[7] and the Cabela's Agreement to the State Court Complaint, but did not attach a copy of any alleged contract or agreement with Alascom. This is because no such contract exists, and Plaintiff has failed to state a breach of contract claim against Alascom.

### Plaintiff Has Failed to State a Promissory Estoppel Claim Against Alascom.

12. Plaintiff's only other claim against Alascom is promissory estoppel. Under Alaska law, promissory estoppel requires proof that: (1) an actual promise was made and itself induced action or forbearance of action in reliance thereon; (2) the action induced amounts to a change of position; (3) the action induced was foreseen or reasonably foreseeable by the promisor; and (4) enforcement is necessary in the interest of justice. *Valdez Fisheries Development Assn., Inc. v. Alyeska Pipeline Svc. Co.*, 45 P.3d 657, 668 (Alaska 2002). The State Court Complaint does not allege any promise by Alascom to Plaintiff, how any alleged promise by Alascom induced a change in position by Plaintiff, or how that change in position was foreseen or reasonably foreseeable by Alascom. The Uschmann Affidavit confirms that Alascom

---

[6] *See* State Court Complaint at ¶¶ 29 and 62.

[7] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the State Court Complaint.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Recreational Data Services v. Trimble Navigation Limited, et al.*
Case No. _____

09015-0034/LEGAL21822714.1

has never had any relationship with Plaintiff or involvement in any of the activities alleged in the Complaint.[8]

13. Because Alascom is a fraudulently-joined Defendant, Alascom's citizenship must be disregarded when determining whether complete diversity exists among the parties for purposes of this Court's jurisdiction pursuant to 28 U.S.C. § 1332. Complete diversity exists between Plaintiff and the other Defendants, and this case is therefore removable to this Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

### D. Venue is Proper

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 81A and 1446(a), because the District of Alaska is the court for the federal district in which the State Court Action is pending.

### E. Removal is Timely

15. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). Plaintiff filed the State Court Action on September 2, 2011. Trimble was served on September 6, 2011, prior to service on any other Defendant. This Notice of Removal is filed within 30 days of the first Defendant being served with process and within one year of the commencement of the State Court Action.

### F. Consent to Removal

16. Trimble, Cabela's, and AT&T have all consented to the removal of this case as evidenced by their joint filing of this Notice of Removal. Alascom's consent to removal is not required because it was fraudulently joined as a Defendant. *See United Computer Systems*, 298 F.3d at 762.

---

[8] Uschmann Affidavit at ¶¶ 3, 6.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

### G. Process, Pleadings, and Orders Attached

17. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached the following process, pleadings, and orders which have been served on them:

    **Exhibit B**    Summons and Notice to Both Parties of Judicial Assignment to Trimble Navigation Limited

    **Exhibit C**    Summons and Notice to Both Parties of Judicial Assignment to AT&T Mobility, LLC

    **Exhibit D**    Complaint

    **Exhibit E**    Jury Demand

### H. Notice to Parties and State Court

Pursuant to 28 U.S.C. § 1446(d), a written notice of the filing of this Notice of Removal will be served promptly on Plaintiff, and a copy of this Notice of Removal will be filed in the State Court Action.

### I. Conclusion

Pursuant to 28 U.S.C. § 1441, Defendants hereby remove the State Court Action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to this Court.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DATED: October 3, 2011.

> Respectfully submitted,
>
> By:   s/ James N. Leik
>     James N. Leik
>     Alaska Bar No. 8111109
>     Perkins Coie LLP
>     1029 West Third Avenue, Suite 300
>     Anchorage, Alaska 99501-1981
>     Telephone: (907) 263-6923
>     Facsimile: (907) 276-3108
>
>     Daniel P. Elms
>     Texas Bar No. 24002049
>     Bell Nunnally & Martin LLP
>     3232 McKinney Avenue, Suite 1400
>     Dallas, Texas 75204
>     Telephone: (214) 740-1400
>     Telecopy: (214) 740-1499
>     *[pro hac vice application to be submitted]*
>
> **ATTORNEYS FOR DEFENDANT**
> **TRIMBLE NAVIGATION LIMITED**

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Recreational Data Services v. Trimble Navigation Limited, et al.*
Case No. _____
Page 8 of 9

09015-0034/LEGAL21822714.1

Case 3:11-cv-00195-TMB   Document 1   Filed 10/03/11   Page 8 of 9

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

By: <u>s/ Jennifer Coughlin (consent)</u>
Jennifer Coughlin
Alaska Bar No. 9306015
K&L Gates LLP
420 L Street, Suite 400
Anchorage, Alaska 99501-1971
Telephone: (907) 276-1969
Telecopy: (907) 865-2443

David A. Bateman
Washington State Bar No. 14262
K&L Gates LLP
925 Fourth Avenue
Seattle, Washington 98104
Telephone: (206) 623-7580
Telecopy: (206) 623-7022
*[pro hac vice application to be submitted]*

**ATTORNEYS FOR DEFENDANTS
CABELA'S INCORPORATED AND
AT&T MOBILITY, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants Trimble Navigation Limited, Cabela's Incorporated, and AT&T Mobility, LLC's Notice of Removal was served upon the following counsel through U.S. Mail on this the 3rd day of October, 2011.

Christopher D. Cyphers
Frontier Law Group, LLC
333 West 4th Avenue, Suite 311
Anchorage, Alaska 99501
*Attorneys for Plaintiff*

<u>s/ James N. Leik</u>
James N. Leik

*Recreational Data Services v. Trimble Navigation Limited, et al.*
Case No. _____
Page 9 of 9

09015-0034/LEGAL21822714.1