**JENNIFER M. COUGHLIN**
K&L GATES LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969
Facsimile: (907) 276-1365
jennifer.coughlin@klgates.com

**DAVID A. BATEMAN**
K&L GATES LLP
925 Fourth Avenue
Seattle, WA 98104
Telephone : (206) 623-7580
Facsimile : (206) 623-7022
david.bateman@klgates.com
*[pro hac vice motion pending]*

Attorneys for Defendants Cabela's Incorporated,
AT&T Mobility, LLC and Alascom, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| RECREATIONAL DATA SERVICES, LLC, an Alaska Limited Liability Company,<br><br>                           Plaintiff,<br><br>   v.<br><br>TRIMBLE NAVIGATION LIMITED, a California corporation; CABELA'S INCORPORATED, a Delaware corporation; AT&T MOBILITY LLC, a Delaware corporation; and ALASCOM, INC., an Alaskan corporation,<br><br>                           Defendants. | Case No. 3:11-CV-00195-TMB |

**DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT**

Pursuant to Civil Rules 8 and 12(b), defendant Cabela's Inc.. ("Cabela's") moves for dismissal of plaintiff's claims.

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 1 of 10

Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 1 of 10

## BACKGROUND

Plaintiff Recreational Data Services, LLC ("RDS" or "plaintiff") filed this lawsuit against defendants Trimble Navigation Limited ("Trimble"), AT&T Mobility LLC ("AT&T"), Alascom, Inc. ("Alascom") and Cabela's. Plaintiff has asserted only two causes of action against Cabela's: breach of contract and promissory estoppel. Plaintiff has not alleged facts sufficient to support either of its claims against Cabela's. Although the Complaint identifies a "confidentiality agreement" between plaintiff and Cabela's, there are no factual allegations that identify how Cabela's supposedly breached that agreement. Nor are there any allegations about any particular "promise" made to plaintiff by Cabela's.

According to the Complaint, in early 2009, plaintiff RDS and defendant Trimble entered into an agreement to develop and market software for GPS units and mobile devices for outdoor recreational enthusiasts. Complaint ¶¶8 – 13. Their joint project was code named the "Copper Center Project." ¶*Id.*, 14. Pursuant to the project, RDS made "full disclosure" to Trimble of "its proprietary business model, technology and trade secrets." *Id.*

In May 2009, Remington Arms Company joined as a partner in the Copper Center Project. *Id.,* ¶16. At a meeting shortly thereafter, those three parties agreed that they "would jointly seek a third party telecom carrier such as AT&T" to join the project. *Id., at* ¶18.

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 2 of 10
Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 2 of 10

The first mention of Cabela's in the Complaint occurs in paragraph 25. According to the Complaint, RDS apparently wanted to establish a business relationship with Cabela's and hired a consultant to facilitate that relationship. RDS then set up a meeting with Cabela's and entered into a confidentiality agreement as a predicate to the meeting. Complaint ¶¶25-26.

RDS learned that Trimble was no longer interested in pursuing the Copper Center Project with RDS. *Id., at* ¶27. But RDS nonetheless went ahead with the Cabela's meeting. At that meeting, RDS allegedly "discovered that Trimble had copied all of the Copper Center Project software, data and proprietary trade secrets and had launched its own competing product through Cabela's marketing channel." *Id.,* at ¶26.

Notably, the Complaint does not identify any ***specific*** trade secret or protectable intellectual property that had been copied by Trimble. But more importantly, the Complaint does not allege that RDS revealed to Cabela's ***any single scrap of information*** which Cabela's should have kept confidential under its Agreement. It does not allege that Cabela's obtained anything pursuant to the confidentiality agreement; nor does it allege what actions Cabela's took that constitute a breach of that agreement.

Based on these allegations, plaintiff has asserted claims against Cabela's under Count VI (Breach of Contract) and Count VII (Promissory Estoppel). As discussed below, these sparse factual allegations against Cabela's are not sufficient to survive a motion to dismiss.

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 3 of 10

Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 3 of 10

## LEGAL STANDARD

The United States Supreme Court has, over the last several years, clarified Rule 8's requirement that a complaint set out "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *Twombly* and *Iqbal* require a two-step analysis. *Iqbal*, 129 S. Ct. at 1949. *First*, a court must consider only the factual allegations of the complaint — neither its legal conclusions nor its bare recitation of the elements of a claim — in determining whether the plaintiff has made a plain statement of the grounds of her entitlement to relief. Fed R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Iqbal*, 129 S. Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Assuming the complaint's factual allegations are true, such allegations must be enough to raise a right to relief above the speculative level. It "must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. As the Supreme Court noted, "Rule 8(a)(2) still requires a 'showing', rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at n. 3. A court need not accept as true "allegations that

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 4 of 10
Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 4 of 10

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

contradict matter properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

*Second,* if plaintiff has alleged sufficient facts to bear out the elements of the claim, the court must then consider whether the adequately pleaded facts state a "plausible," rather than a merely "possible" claim. *Iqbal,* 129 S. Ct. at 1950; *Twombly,* 550 U.S. at 555.

## LEGAL ARGUMENT

**A.  Plaintiff Has Failed to State a Breach of Contract Claim Against Cabela's.**

Under Alaska law, a breach of contract claim requires proof of a contractual obligation, breach by the defendant, and damages as a result of the breach. *See Great Western Savings Bank v. George W. Easley Co.*, 778 P.2d 569, 577 (Alaska 1989).

In this instance, plaintiff has failed to plead facts sufficient to demonstrate a breach of contract. Although the Complaint does demonstrate the existence of a "confidentiality agreement" between RDS and Cabela's, it does not demonstrate that the agreement has been breached in any fashion. Indeed, the Complaint does not cite to any specific language in the agreement that was supposedly violated by Cabela's; nor does it give any indication of how Cabela's is supposed to have violated the unspecified provision of the agreement.

The only factual allegation about Cabela's actions is contained in Paragraph 30, which contends that Cabela's "is providing a distribution channel for RDS's proprietary software, data and trade secrets under the Hunt Recon mark." The Complaint does not

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 5 of 10

Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 5 of 10

explain how or why RDS contends that the Hunt Recon mobile phone application contains its technology. It does not identify the character or provide any description of this so-called proprietary technology, or provide information about how Cabela's distribution of a third party's product is a violation of any confidentiality agreement. The failure to provide any particulars about these supposed trade secrets is a glaring deficiency in giving "fair notice" of plaintiff's claim and mandates dismissal. Based on the face of plaintiff's pleading, there is no way to know what plaintiff's trade secrets are. It is for this precise reason that courts have repeatedly required that a plaintiff articulate its trade secrets "with sufficient particularity" in order to meet the *Twombly* standard. *See, e.g., All Business Solutions, Inc. v. NationsLine, Inc.*, 629 F. Supp. 2d 553, 558-59 (W.D. Va. 2009)(conclusory allegations of trade secrets and confidential information are naked assertions and insufficient to withstand a motion to dismiss); *American Petroleum Institute v. Technomedia Inc.*, 699 F.Supp.2d 258, 264-265 (D.D.C. 2010)(granting plaintiff's motion to dismiss defendant's trade secret misappropriation counterclaim, holding that defendant's failure to identify trade secrets made its factual allegations "[not] enough to raise a right to relief above the speculative level", quoting Twombly); *Perryman v. Dorman*, 2011 WL 379313 at *6 (D. Ariz. Feb. 2, 2011)(dismissing trade secrets claim for failure to "explain the nature of the trade secrets").

The current situation is interestingly similar to that presented in *Farhang v. Indian Institute of Technology*, 2010 WL 2228936 at *6 (N.D. Cal. June 1, 2010)(attached), where

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 6 of 10

Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 6 of 10

the defendant was alleged to have breached a contractual Non-Disclosure Provision "by disclosing plaintiffs' IP and other confidential information." The plaintiff did not describe the allegedly confidential information with particularity and did not describe the basis upon which it alleged that defendant had disclosed the information. The Court held that "these conclusory statements, however, are not supported by adequate factual allegations," and therefore dismissed the breach of contract claim for failure "to allege facts sufficient 'to raise a right to relief above the speculative level'" as required by *Twombly*.

Similarly, the breach of contract claim fails because the Complaint does not allege facts that constitute a breach. Although it accuses Cabela's of distributing a mobile phone application that contains its technology, RDS does not cite to any contractual provision that prohibits such action. This deficiency, alone, warrants dismissal of the Complaint. *See, e.g., Lyons v. Coxcom, Inc.*, 718 F.Supp.2d 1232 (S.D. Cal. 2009)("The Court concludes that Plaintiff fails to sufficiently plead a breach of contract, as she points to no term of the contract that was breached by Cox.")

Likewise, the Complaint does not contend that Cabela's obtained this technology from RDS pursuant to their "confidentiality agreement." Notably, the agreement only applies to proprietary information disclosed "pursuant to this Agreement." Complaint, Exhibit F, paragraph 3. But in this instance, the Complaint indicates that any technological information was provided to Cabela's by **Trimble** (not RDS) *long before* the meeting between RDS and Cabela's; it does not allege that RDS provided Cabela's with any

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 7 of 10

Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 7 of 10

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

technological information whatsoever. *See* Complaint ¶28. Having not received any information from RDS, Cabela's can hardly have breached its obligations to keep such information confidential.

**B.    Plaintiff Has Failed to State a Promissory Estoppel Claim Against Cabela's.**

Plaintiff's only other claim against Cabela's is promissory estoppel. Under Alaska law, promissory estoppel requires proof that: (1) an actual promise was made and itself induced action or forbearance of action in reliance thereon; (2) the action induced amounts to a change of position; (3) the action induced was foreseen or reasonably foreseeable by the promisor; and (4) enforcement is necessary in the interest of justice. *Valdez Fisheries Development Assn., Inc. v. Alyeska Pipeline Svc. Co.*, 45 P.3d 657, 668 (Alaska 2002).

The Complaint does not allege any promise by Cabela's to plaintiff, how any alleged promise by Cabela's induced a change in position by plaintiff, or how that change in position was foreseen or reasonably foreseeable by Cabela's. At most, the Complaint generically refers to "the statements and actions of the Marketing Defendants' agents, attorneys, managers and employees…" Complaint ¶69. It does not allege any specific statement by Cabela's and does not even identify an employee or agent of Cabela's who communicated with plaintiff.

These allegations are simply insufficient to meet the *Twombly/Iqbal* standard. While Rule 8 does not require extensively detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 8 of 10

Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 8 of 10

*Iqbal*, 129 S. Ct. at 1949 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Plaintiff's pleading fails this test.

## CONCLUSION

For the foregoing reasons, Cabela's respectfully requests that plaintiff's claims against it be dismissed.

DATED this 17th day of October, 2011.

K & L GATES LLP

By: /s/ Jennifer M. Coughlin
Jennifer M. Coughlin, ABA 9306015
Attorneys for Defendants Cabela's
Incorporated, AT&T Mobility, LLC
and Alascom, Inc.
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969
Facsimile: (907) 276-1365
jennifer.coughlin@klgates.com

By: David A. Bateman
*[pro hac vice motion pending]*
K&L Gates LLP
925 Fourth Avenue
Seattle, WA 98104
Telephone : (206) 623-7580
Facsimile : (206) 623-7022
david.bateman@klgates.com
Attorneys for Defendants Cabela's

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 9 of 10
Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 9 of 10

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

Incorporated, AT&T Mobility, LLC
and Alascom, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        s/ Jennifer Coughlin
        Jennifer Coughlin

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT CABELA'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 10 of 10
Case 3:11-cv-00195-TMB   Document 19   Filed 10/17/11   Page 10 of 10