**JENNIFER M. COUGHLIN**
K&L GATES LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969
Facsimile: (907) 276-1365
jennifer.coughlin@klgates.com

**DAVID A. BATEMAN**
K&L GATES LLP
925 Fourth Avenue
Seattle, WA 98104
Telephone : (206) 623-7580
Facsimile : (206) 623-7022
david.bateman@klgates.com
*[pro hac vice motion pending]*

Attorneys for Defendants Cabela's Incorporated,
AT&T Mobility LLC and Alascom, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| RECREATIONAL DATA SERVICES, LLC, an Alaska Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TRIMBLE NAVIGATION LIMITED, a California corporation; CABELA'S INCORPORATED, a Delaware corporation; AT&T MOBILITY LLC, a Delaware corporation; and ALASCOM, INC., an Alaskan corporation,<br><br>Defendants. | Case No. 3:11-CV-00195-TMB |

**DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT**

Pursuant to Civil Rules 8 and 12(b), defendant AT&T Mobility LLC ("ATTM") moves for dismissal of plaintiff's claims.

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 1 of 10

Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 1 of 10

## BACKGROUND

Plaintiff Recreational Data Services, LLC ("RDS" or "plaintiff") filed this lawsuit against defendants Trimble Navigation Limited ("Trimble"), Cabela's Inc. ("Cabela's), Alascom, Inc. ("Alascom") and ATTM. Plaintiff has asserted only two causes of action against ATTM: breach of contract and promissory estoppel. Plaintiff has not alleged facts sufficient to support either of its claims against ATTM. The Complaint does not identify any contract between RDS and ATTM, and does not remotely indicate how ATTM is alleged to have breached any such contract. Nor are there any allegations about any particular "promise" made to plaintiff by ATTM.

According to the Complaint, in early 2009, plaintiff RDS and defendant Trimble entered into an agreement to develop and market software for GPS units and mobile devices for outdoor recreational enthusiasts. Complaint ¶¶8 – 13. Their joint project was code named the "Copper Center Project." ¶*Id*., 14. Pursuant to the project, RDS made "full disclosure" to Trimble of "its proprietary business model, technology and trade secrets." *Id.*

In May 2009, Remington Arms Company joined as a partner in the Copper Center Project. *Id.,* ¶16. At a meeting shortly thereafter, those three parties agreed that they "would jointly seek a third party telecom carrier such as AT&T" to join the project. *Id*., at ¶18. The Complaint does not indicate that their plan came to fruition, and certainly does not indicate that RDS contracted with ATTM. The Complaint goes on to say that Trimble

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 2 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 2 of 10

abandoned the Copper Center Project and went on to launch a competing product through Cabela's marketing channel. *Id.,* ¶¶27-28.

The only facts relating to ATTM are the vague allegations contained in paragraphs 29 and 30 of the Complaint. They read as follows:

> 29. AT&T and Alascom, with full knowledge of the proprietary nature of RDS's technology and Trimble's misappropriation thereof, is now marketing, and developing devices to market, RDS's proprietary products in violation of the Cabela's Agreement, the Trimble Agreement, and its own nondisclosure agreement it has in place with the project partners.

> 30. Likewise, Cabela's is now providing a distribution channel for RDS's proprietary software, data and trade secrets under the Hunt Recon mark through AT&T and Alascom.

Based on these allegations, plaintiff has asserted claims against ATTM under Count VI (Breach of Contract) and Count VII (Promissory Estoppel). As discussed below, these sparse factual allegations against ATTM are not sufficient to survive a motion to dismiss.

## LEGAL STANDARD

The United States Supreme Court has, over the last several years, clarified Rule 8's requirement that a complaint set out "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *Twombly* and *Iqbal* require a two-step analysis. *Iqbal*, 129 S. Ct. at 1949. *First*, a court must consider only the factual allegations of the complaint — neither its legal conclusions nor its bare recitation of the elements of a claim — in determining whether the plaintiff has made a plain statement of the grounds of her

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 3 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 3 of 10

entitlement to relief. Fed R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Iqbal*, 129 S. Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Assuming the complaint's factual allegations are true, such allegations must be enough to raise a right to relief above the speculative level. It "must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. As the Supreme Court noted, "Rule 8(a)(2) still requires a 'showing', rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at n. 3. A court need not accept as true "allegations that contradict matter properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

*Second*, if plaintiff has alleged sufficient facts to bear out the elements of the claim, the court must then consider whether the adequately pleaded facts state a "plausible," rather than a merely "possible" claim. *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555. Courts are now expected to dismiss claims not supported by factual allegations sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 4 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 4 of 10

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556.

## LEGAL ARGUMENT

**A.    Plaintiff Has Failed to State a Breach of Contract Claim Against ATTM.**

Under Alaska law, a breach of contract claim requires proof of a contractual obligation, breach by the defendant, and damages as a result of the breach. *See Great Western Savings Bank v. George W. Easley Co.*, 778 P.2d 569, 577 (Alaska 1989). In this instance, plaintiff has failed to plead facts sufficient to demonstrate a breach of contract.

The first deficiency in the Complaint is that plaintiff has failed to allege that it had any contractual relationship with ATTM. Plaintiff *does* attach copies of RDS's agreements with Trimble and Cabela's to its Complaint, but notably *does not* attach a copy of any agreement with ATTM. Indeed, plaintiff does not specifically allege that it had a contract with ATTM. The only reference to an agreement that might underlie plaintiff's claim is the obscure assertion that ATTM had "its own nondisclosure agreement…in place with the project partners." *Id.,* at ¶29.

Secondly, even if such an agreement exists, the Complaint does not describe the parties to the agreement, or the terms of such an agreement. It is referred to only as a "nondisclosure agreement." The Complaint does not cite to or describe a single covenant or provision of this supposed agreement.

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 5 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 5 of 10

These two failures alone require dismissal of plaintiff's claim. It is fundamental that a plaintiff asserting a claim for breach of contract must demonstrate that a contract exists and must identify the terms of the contract that were allegedly breached. *See, e.g., Conder v. Home Savings of America*, 680 F.Supp.2d 1168 (C. D. Cal. 2010)(breach of contract claim dismissed where plaintiff failed to plead any facts that might constitute an agreement between the parties); *Lyons v. Coxcom, Inc.*, 718 F.Supp.2d 1232 (S.D. Cal. 2009)("The Court concludes that Plaintiff fails to sufficiently plead a breach of contract, as she points to no term of the contract that was breached by Cox"); *Lingad v. Indymac Federal Bank*, 682 F.Supp.2d 1143(E.D. Cal. 2010)(breach of contract claim dismissed where plaintiff did not demonstrate that his loan agreement included the promises that were allegedly breached).

Moreover, the Complaint does not make sufficient allegations to support the required element of breach. The Complaint alleges that ATTM is marketing and developing products and is providing a distribution channel for Cabela's Hunt Recon mobile application. Complaint at ¶¶29 -30. Even if these contentions were true, they are insufficient to support a breach of contract claim. There is nothing in the Complaint that suggests that marketing or distribution of a product is a violation of any provision in the imaginary agreement between RDS and ATTM. That agreement is referred to as a "nondisclosure" agreement. It is not a "non-compete" agreement, a "non-marketing" agreement, or a "non-distribution" agreement. There is simply nothing in the Complaint that supports a conclusion that the alleged acts of ATTM breach any term of any

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 6 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 6 of 10

agreement.

To the extent that the Complaint might be attempting to suggest that ATTM has acquired and disclosed RDS's technology or trade secrets in violation of a non-disclosure obligation, the Complaint does explain how or when ATTM acquired these secrets, does not provide any particulars about what "technology and trade secrets" are supposedly involved, and does not explain how ATTM disclosed them. The Complaint does not explain how or why RDS contends that the Hunt Recon mobile phone application contains its technology. It does not identify the character or provide any description of this so-called proprietary technology, or provide information about how ATTM's distribution of a third party's product is a violation of any confidentiality agreement. The failure to provide any particulars about these supposed trade secrets is a glaring deficiency in giving "fair notice" of plaintiff's claim and mandates dismissal. Based on the face of plaintiff's pleading, there is no way to know what plaintiff's trade secrets are.

It is for this precise reason that courts have repeatedly required that a plaintiff articulate its trade secrets "with sufficient particularity" in order to meet the *Twombly* standard. *See, e.g., All Business Solutions, Inc. v. NationsLine, Inc.*, 629 F. Supp. 2d 553, 558-59 (W.D. Va. 2009)(conclusory allegations of trade secrets and confidential information are naked assertions and insufficient to withstand a motion to dismiss); *American Petroleum Institute v. Technomedia Inc.*, 699 F.Supp.2d 258, 264-265 (D.D.C. 2010)(granting plaintiff's motion to dismiss defendant's trade secret misappropriation

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 7 of 10
Case 3:11-cv-00195-TMB Document 20 Filed 10/17/11 Page 7 of 10

counterclaim, holding that defendant's failure to identify trade secrets made its factual allegations "[not] enough to raise a right to relief above the speculative level", quoting Twombly); *Perryman v. Dorman*, 2011 WL 379313 at *6 (D. Ariz. Feb. 2, 2011)(dismissing trade secrets claim for failure to "explain the nature of the trade secrets"); *See, also, Cafasso v. General Dynamics C4 Systems*, 637 F.3d 1047 (2011) (False Claims Act case dismissed pursuant to *Iqbal* for failure to make "sufficiently particularized" allegations and failure to identify any particular false claims).

Because the plaintiff fails in all respects to comply with Rule 8 pleadings, its breach of contract claims against ATTM should be dismissed.

**B. Plaintiff Has Failed to State a Promissory Estoppel Claim Against ATTM.**

Plaintiff's only other claim against ATTM is promissory estoppel. Under Alaska law, for promissory estoppel requires proof that: (1) an actual promise was made and itself induced action or forbearance of action in reliance thereon; (2) the action induced amounts to a change of position; (3) the action induced was foreseen or reasonably foreseeable by the promisor; and (4) enforcement is necessary in the interest of justice. *Valdez Fisheries Development Assn., Inc. v. Alyeska Pipeline Svc. Co.*, 45 P.3d 657, 668 (Alaska 2002).

The Complaint does not allege any promise by ATTM to plaintiff, how any alleged promise by ATTM induced a change in position by plaintiff, or how that change in position was foreseen or reasonably foreseeable by ATTM. At most, the Complaint generically refers to "the statements and actions of the Marketing Defendants' agents, attorneys,

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 8 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 8 of 10

managers and employees…" Complaint ¶69. It does not allege any specific statement by ATTM and does not even identify an employee or agent of ATTM who communicated with plaintiff.

These allegations are simply insufficient to meet the *Twombly/Iqbal* standard. While Rule 8 does not require extensively detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Plaintiff's pleading fails this test.

## CONCLUSION

For the foregoing reasons, ATTM respectfully requests that plaintiff's claims against it be dismissed.

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 9 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 9 of 10

K&L GATES LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

DATED this 17th day of October, 2011.

K & L GATES LLP

By: /s/ Jennifer M. Coughlin
Jennifer M. Coughlin, ABA 9306015
Attorneys for Defendants Cabela's
Incorporated, AT&T Mobility, LLC
and Alascom, Inc.
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969
Facsimile: (907) 276-1365
jennifer.coughlin@klgates.com

By: David A. Bateman
*[pro hac vice motion pending]*
K&L Gates LLP
925 Fourth Avenue
Seattle, WA 98104
Telephone : (206) 623-7580
Facsimile : (206) 623-7022
david.bateman@klgates.com
Attorneys for Defendants Cabela's
Incorporated, AT&T Mobility, LLC
and Alascom, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                              s/ Jennifer Coughlin
                                                              Jennifer Coughlin

DEFENDANT AT&T MOBILITY'S MOTION TO DISMISS COMPLAINT
Recreation Data Services, Inc. v. Trimble Navigation Limited, et al., Case No. 3:11-CV-00195-TMB
Page 10 of 10
Case 3:11-cv-00195-TMB   Document 20   Filed 10/17/11   Page 10 of 10