CHRISTOPHER D. CYPHERS
chirs@frontierlawgroup.com
**FRONTIER LAW GROUP, LLC**
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101
**Attorneys for Plaintiff**
**Recreational Data Services, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RECREATIONAL DATA SERVICES, LLC, an Alaska Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> TRIMBLE NAVIGATION LIMITED, a California corporation, CABELA'S INCORPORATED, a Delaware corporation, AT&T MOBILITY, LLC., a Delaware corporation, and ALASCOM, INC., an Alaska corporation , <br><br> Defendants. | Case No. 3:11-CV-00195- TMB |

### MOTION TO REMAND TO STATE COURT AND TO AWARD ATTORNEY'S FEES AND COSTS

Pursuant to 28 U.S.C. § 1447(c), plaintiff, Recreational Data Services, LLC

("RDS"), moves this Court to remand this action to the Superior Court of the State of

Alaska's Third Judicial District at Anchorage, and for fees and costs on the basis that the

Defendants filed their Notice of Removal without bona fide justification and merely for the

purpose of harassment and delay. Defendants further refused to stipulate to a remand after

PLAINTIFFS MOTION TO REMAND AND AWARD ATTORNEYS FEES/COSTS
*Recreation Data Services, Inc. v. Trimble Navigation Limited, et al.,* Case No. 3:11-CV-00195-TMB
Page 1 of 8

Case 3:11-cv-00195-TMB   Document 25   Filed 10/27/11   Page 1 of 8

**FRONTIER LAW GROUP, LLC**
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101

prior request by the Plaintiff addressing the supporting facts and arguments outlined below.

This Motion is supported by the following Memorandum, including exhibits, and the

Court's record.

## BACKGROUND

1.     On or about October 3, 2011Defendants filed their Notice of Removal to (Docket 1)

to remove the instant action from the jurisdiction of the Superior Court in Alaska's Third

Judicial District, styled, *Recreational Data Services, LLC vs. Trimble Navigation Limited,*

*et al.*, Case Number 3AN-11-10519CI.  Plaintiff concedes that the amount in controversy

exceeds $75,000 in that it has prayed for relief in excess of $111,666,973.00 in the State

Court Proceedings.

2.     Defendants sought removal pursuant to 28 U.S.C. 1441 claiming that Alascom was

fraudulently joined because Plaintiff has failed to "… state a cause of action against

[Alascom], and the failure is obvious according to well-settled rules of [Alaska]…"[1]

3.     In order to bring additional issues of fact to light[2], on or about October 4, 2011,

Plaintiff's counsel sent an email[3] to counsel for the Defendants explaining the error in

Defendants' removal petition and attempting to resolve the question of removal and remand

amicably.  Defendants refused to do so.

---

[1] See Docket 1 at ¶ 9.

[2] Given the Plaintiff's urgent need to preserve its market, Plaintiff's brought suit against the defendant's quickly after learning of Trimble's launch of the infringing products and before discovery of the scope and nature of each party could be completely ascertained.  Plaintiff's Complaint, although adequate for purposes of meeting Alaska's pleading requirements, additional information has come to light which will be included in future pleadings and discovery, much of which information is included herein for review by this Court.

[3] See email correspondence attached as Exhibit 1 regarding Plaintiff's justification and request for a stipulated remand which request was rebuffed by each Defendant.

PLAINTIFFS MOTION TO REMAND AND AWARD ATTORNEYS FEES/COSTS
*Recreation Data Services, Inc. v. Trimble Navigation Limited, et al.,* Case No. 3:11-CV-00195-TMB
Page 2 of 8

FRONTIER LAW GROUP, LLC
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101


FRONTIER LAW GROUP, LLC
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101

4.      There is no dispute that Defendant Alascom is an Alaska entity[4] which destroys this

Court's diversity jurisdiction and, but for the remaining Defendants' argument[5] that

Alascom was fraudulently joined as a Defendant, this Court lacks diversity jurisdiction in

this case.

## MEMORANDUM of POINTS and AUTHORITIES

### A. Federal Courts are Courts of Limited Jurisdiction

5.      Federal Courts are Courts of limited jurisdiction, having subject matter jurisdiction

only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v.*

*Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A suit filed in state Court may be

removed to federal Court if the federal Court would have had original jurisdiction over the

suit. 28 U.S.C. § 1441(a).

6.      Pursuant to 28 U.S.C.§ 1447(c), a removed action **must** be remanded to state court if

the federal court lacks subject matter jurisdiction and "[t]he burden of establishing federal

jurisdiction is on the party seeking removal, and the removal statute is strictly construed

against removal jurisdiction.[6]"

---

[4] See Docket 1, Notice of Removal, p. 3, ¶ 8
[5] As discussed below, Alascom has not joined in the petition for removal as required by 28 U.S.C. 1446(a).
[6] See *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999); see also *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir. 1988)  Holding that it is the removing party who bears the burden of establishing that federal subject matter jurisdiction exists, and all doubt must be resolved in favor of remand. (Emphasis supplied) and *Riggs v. Plaid Pantries, Inc*., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) "The defendant also has the burden of showing that it has complied with the procedural requirements for removal."

PLAINTIFFS MOTION TO REMAND AND AWARD ATTORNEYS FEES/COSTS
*Recreation Data Services, Inc. v. Trimble Navigation Limited, et al.,* Case No. 3:11-CV-00195-TMB
Page 3 of 8

FRONTIER LAW GROUP, LLC
333 W. 4ᵗʰ Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101

7.      According to *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992), "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

### B. Alascom Has not Joined in Petition to Remove.

8.      Furthermore, the removing party must strictly comply with the removal statute and any doubts about the right to remove are resolved against removal and the removing party has the burden of establishing that removal is proper *Id. at* 564 and 567.  In this case, defendant, Alascom, Inc., has <u>not</u> joined in the petition for removal as required by 28 U.S.C. § 1446(a) and the remaining defendants merely make a conclusory statement, without more, that "Alascom's consent to removal is not required because it was fraudulently joined as a Defendant."[7]  However, the removal statute clearly requires that "…all defendants must join a notice of removal . . ." to support a removal to Federal Court.[8]  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal.[9]"

9.      Therefore, Defendants Trimble, AT&T Mobility and Cabela's have failed to file a proper removal notice due to Alascom's failure or refusal to join therein and this Court must remand the instant case to the Alaska Superior Court.[10]

---

[7] See Notice of Removal, Docket 1 p. 6, ¶ 16.
[8] *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998); *also see* 28 U.S.C. § 1446(a).
[9] *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1266 (9th Cir. 1999).
[10] *Leuzzi v. Dollar Tree Stores, Inc*., 2005 WL 2972982, *2 (E.D. Pa. Nov. 4, 2005) (remanding case and holding that "[a]lthough it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply

PLAINTIFFS MOTION TO REMAND AND AWARD ATTORNEYS FEES/COSTS
*Recreation Data Services, Inc. v. Trimble Navigation Limited, et al.,* Case No. 3:11-CV-00195-TMB
Page 4 of 8

FRONTIER LAW GROUP, LLC
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101

### C. No Fraudulent Joinder - Alascom is a Necessary Party.

10.     The Defendants joining in the petition to remove this case from State Court (the

"***Removal Defendants***") argue that Alascom was fraudulently/improperly joined merely in

order to destroy complete diversity in this case.  That argument, however, must fail as

Alascom not only failed to join in the removal action, but it is also a necessary party to this

litigation as set forth below.

11.     The Removal Defendants' argument is based on the assertion that RDS has failed to

state a cause of action against Alascom, and that the failure is obvious according to the

well-settled rules of the case.[11]  Defendants go on to argue that Plaintiff has only asserted

two causes of action against Alascom: breach of contract and promissory estoppel.[12]

Although Plaintiff's claims against Alascom are supported under Alaska law as discussed

below, the Removal Defendants mislead this Court by failing to address Plaintiff's causes

of action against Alascom for Interference with Contract (Count III)[13], Punitive Damages

(Count VIII)[14] and Specific Enforcement, Preliminary Injunction and Permanent Injunction

(Count IX)[15] addressed in Plaintiff's complaint.  Each such cause of action, alone, is

sufficient to support a claim for relief against Alascom in Alaska without regard to

---

with the notice of removal's strict statutory requirements cannot be overlooked" where removing defendant did not
include consent to removal by all defendants in its notice of removal).

[11] *United Computer Systems v. AT&T Corporation*, 289 F.3d 756, 761 (9th Cir. 2002).

[12] See Docket 1, Notice of Removal, page 4 paragraph 9 from preceding page

[13] See RDS Complaint at Docket 1, Exhibit C, pages 8 and 9, paragraphs 43 – 48. Although Paragraph 43 purports to
limit this claim to Trimble only, that was an oversight as supported by the balance of the section and fact that these
charges are not limited to any defendant in the heading for each such count.

[14] See RDS Complaint at Docket 1, Exhibit C, pages 12 and 13, paragraphs 73 and 74.  In Alaska punitive damages are
permitted in intentional interference with contract claims and Plaintiff's claims that "AT&T" interfered with Plaintiff's
partnership agreements

[15] See RDS Complaint at Docket 1, Exhibit C, pages 13, paragraphs 75 - 78.

PLAINTIFFS MOTION TO REMAND AND AWARD ATTORNEYS FEES/COSTS
*Recreation Data Services, Inc. v. Trimble Navigation Limited, et al.,* Case No. 3:11-CV-00195-TMB
Page 5 of 8

FRONTIER LAW GROUP, LLC
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101

principles of contract law addressed by the Removal Defendants in their Notice of Removal.  As a result, this matter must be remanded to the Alaska Superior Court as this Court lacks diversity jurisdiction.

12.    With regard to the Removal Defendants' arguments that Plaintiff has no cognizable claim against Alascom for breach of contract or promissory estoppel, again those arguments must fail because the undisputed evidence is that Plaintiff had a contract with "AT&T," and initiated discussion with "AT&T" through Mr. Michael Felix, President of Alascom in August of 2009[16].

13.    Removal Defendants properly state the elements of a breach of contract claim and promissory estoppel claim under Alaska law; however, when applying the law of agency an agent acting with apparent authority binds the principal.  See *C.A.R. Transportation v. Darden*, 213 F.3d 474 (9th Cir., 2000).  In defining apparent authority the Court has stated that this authority "arises from the principle's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question."  *N.L.R.B. v. District Council of Iron Workers of the State of Cal. and Vicinity*, 124 F.3d 1094 (C.A.9, 1997).  Finally, to determine the nature and extent of the agent's authority and whether apparent authority existed is a question of fact.  *Fidata Trust Co. New York v. Community First Federal Sav. And Loan*, 946 F. 2d 898 (C.A.9 (Wash.), 1991).

14.    RDS stated that it was through dealings with Mr. Michael Felix, the president of

---

[16] See Affidavit of Brian Feucht attached hereto as Exhibit 2

PLAINTIFFS MOTION TO REMAND AND AWARD ATTORNEYS FEES/COSTS
*Recreation Data Services, Inc. v. Trimble Navigation Limited, et al.,* Case No. 3:11-CV-00195-TMB
Page 6 of 8

Alascom, in August of 2009 that set him up with "AT&T", whereby a reasonable belief was formed and relied on, that business was being conducted with "AT&T". Due to the vicarious liability of Alascom, and the express terms to the AT&T NDA, RDS has not failed to state a breach of contract claim or a promissory estoppel claim against Alascom.

15.     Due to the apparent authority manifested by Alascom, the joinder of Alascom to this claim is not fraudulent. Because Alascom's joinder is not fraudulent, their citizenship should not be disregarded when determining whether diversity exists and thus creates no diversity of the parties. Complete diversity does not exist between the Plaintiff and Defendants and, therefore, removal is not proper.

## ATTORNEY'S FEES AND COSTS

On October 3, 2011, defendants filed a Notice of Removal, removing this action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Alaska. Plaintiff moves the Court to remand this action back to the Third Judicial District Court, stating that, since Alascom is a citizen of Alaska, the removal Defendants may not remove a case from Alaska state court unless the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Plaintiff also seeks costs and attorney's fees, which includes the cost of admission to the United States District Court for the District of Alaska.

**FRONTIER LAW GROUP, LLC**
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101

DATED this 27th day of October, 2011.

FRONTIER LAW GROUP, LLC


By: /s/Christopher Cyphers
Christopher D. Cyphers, Alaska Bar No. 9812085
Attorneys for Plaintiffs, Recreation Data Services, Inc.


CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011, a true and correct copy of the foregoing Motion
to Remand and for Award of Attorney's Fees and Costs was served electronically on the
following:

| | |
|---|---|
| Jennifer Coughlin<br>K&L Gates, LLP<br>420 L Street, Suite 400<br>Anchorage, AK  99501-1971<br>Attorneys for Defendants:<br>Cabela's Incorporated and AT&T Mobility,<br>LLC | James Leik<br>Perkins Coie, LLP<br>1029 West Third Avenue, Suite 300<br>Anchorage, AK  99501-1981<br><br>Daniel Elms<br>Bell, Nunnally & Martin, LLP<br>3252 McKinney Avenue, Suite 1400<br>Dallas, TX  75204<br>Attorneys for Trimble Navigation LTD |


By: /s/Christopher Cyphers
Christopher D. Cyphers, Alaska Bar No. 9812085
Attorneys for Plaintiffs, Recreation Data Services, Inc

**FRONTIER LAW GROUP, LLC**
333 W. 4th Ave., Ste. 311
Anchorage, Alaska 99501
Ph: (907) 272-9100
Fx: (907) 272-9101

PLAINTIFFS MOTION TO REMAND AND AWARD ATTORNEYS FEES/COSTS
*Recreation Data Services, Inc. v. Trimble Navigation Limited, et al.,* Case No. 3:11-CV-00195-TMB
Page 8 of 8